Clais Daniels-Edwards, NJSB 115122015
Assistant Federal Public Defender
Email: clais_daniels-edwards@fd.org
Michael Charles Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: michael_benson@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone

Attorneys for Mr. McCarthy

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>IAN JOSEPH MCCARTHY,<br><br>                Defendant. | Case No. 3:25-cr-00292-IM-1<br><br>FIRST REQUEST FOR DISCOVERY |

## I.    INTRODUCTION

The Defendant, Ian Joseph McCarthy, by and through counsel, Clais Daniels-Edwards and

Michael Benson  and the Federal Public Defender for the District of Oregon, requests that the

United States Attorney disclose, produce, and make available for examination and copying by

defense counsel the following items, whether in the possession, custody, or control of the United

States Attorney, the agents or representatives of the United States Attorney, or any law

enforcement agency or agent, known to exist by the United States Attorney, its agents or

representatives, or any law enforcement agency or agent, or which by the exercise of due diligence

may become known to the United States Attorney. This request is brought pursuant to Federal Rules of Criminal Procedure 2, 12 and 16, the Jencks Act, the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995), and their progeny.

## II.    DEFINITION OF TERMS USED

II.1     "The Government."  For purposes of this request and all future discovery requests whether formally or informally made, "the Government" refers to the Government of the United States, any agency or department thereof, and any foreign, state, or local jurisdiction, together with their agents and employees, who assisted or participated in any respect in any investigation (1) related to or arising out of the facts referenced in the Indictment; (2) of any person named in the indictment, whether or not as a defendant and whether or not related to any facts arising out of the indictment.

II.2     "Information or Material."  For purposes of this request and all future discovery requests whether formally or informally made, "information or material" refers to all information or material currently in the possession, custody, or control of the Government, all information and material which subsequently comes into the possession, custody, or control of the Government, and all information or material which, by the exercise of due diligence, may become known to the Government.

II.3     "Disclose or Produce."  For purposes of this request and all future discovery requests whether formally or informally made, disclose or produce imposes a continuing obligation to produce information or material requested without further demand from the defendant. *See* Fed. R. Crim. P. 16(c).

II.4     "Materiality."  For purposes of this request and all future discovery requests whether formally or informally made, materiality means all information and material that is

**Page 2 FIRST REQUEST FOR DISCOVERY**

material to preparing the defense and/or that must be provided in the interests of fundamental fairness, and includes (1) all information or material that the Government intends to use in its case in chief; (2) all information or material that was taken from the defendant; and (3) all information and material that the Government has the duty to produce under *Brady* and its progeny; i.e. all items that are or upon further examination or development of the investigation may prove to be exculpatory of the defendant or impeaching of the Government's witnesses.  If the Government disputes whether items sought are material, the defense requests that the Government (1) provide notification to the defense and the Court that it has within its possession, custody, or control, or knows of the existence of information or material that it does not believe to be material as defined in this request; and (2) provide such information to be inspected *in camera* by the Court.

## III.    AUTHORITY FOR REQUEST

Federal Rule of Criminal Procedure 16 specifies categories of witnesses and evidence "that are subject to *mandatory* pretrial disclosure."  *United States v. W.R. Grace*, 526 F.3d 499, 510 (2008).  The Rule prescribes "the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 517 U.S. 456, 475 (1996) (Breyer J., concurring) (quoting Advisory Committee's Notes on Fed. R. Crim. P. 16, 18 U.S.C. App., p. 761).   Rather, the Rule must be read in conjunction with other Rules of Criminal Procedure, including Rule 2, which provides that the rules "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  Fed. R. Crim. P. 2.  Thus, "under the appropriate circumstances, the discretion employed by the district court in the exercise of its authority need be limited to a defense showing of materiality and reasonableness."  *United States v. Jackson*, 508 F.2d 1001, 1007 (7th Cir. 1975), *accord W.R. Grace*, 526 F.3d at 510-11.

In conjunction with the specific and ongoing obligations of the prosecution to disclose or produce evidence under Fed. R. Crim. P. 16, the due process protections provided by the Fifth and Fourteenth Amendments to the United States Constitution impose on the prosecutor in a criminal case the duty to disclose to the defendant all evidence that is favorable to the accused. *Brady v. Maryland*, 373 U.S. at 87. *Brady* material includes not only exculpatory evidence but such evidence that may be impeaching of government witnesses, and applies to (a) information or material that is within the possession or control of the Government; and (b) information or material that is within the files of other investigative agencies, whether or not its existence is known to the individual prosecutor. Further, "the individual prosecutor has a *duty to learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (emphasis added); *United States v. Hanna*, 55 F.3d 1456, 1461 (9th Cir. 1995) (same); *see United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("better practice is for the prosecutor herself to review [surveillance notes for *Brady* material]"); *see also* U.S. Atty's Manual, §§ 9:5.000 & 9:5.001 (as revised eff. Oct. 19, 2006) ("Upon a defendant's request, the government must make available all information that is known to the attorney for the government or agents of law enforcement involved in the investigation of the case that is either exculpatory or impeaching.").

In light of the foregoing, and in light of the authority set forth below, the defendant requests the government to produce discovery of the following:

1.    All state or federal reports relating the circumstances of any search involving the defendant or his property, each co-defendant and his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches.

    *2.      All body camera footage recorded by federal or state agents and/or officers present and involved in the interaction and arrest of Mr. McCarthy at the Immigrations and Customs Enforcement (ICE) on July 4, 2025.*

    3.      All written or recorded statements of the defendant and any alleged co-conspirator (including, but not limited to, grand jury testimony, telephone calls, depositions, etc.).  Fed. R. Crim. P. 16(a)(1)(B).

    4.      The substance of all oral statements of the defendant and any alleged co-conspirator to any government agent.  Rule 16(a)(1)(A).

    5.      Any Government agent's underlying notes of the statements requested in items 3 and 4 above.  If such notes have been destroyed or no longer exist, the defendant requests the Government (1) provide affirmative disclosure of the same; (2) identify the person, persons, or agencies responsible; and (3) state why the notes were destroyed or do not exist.  *See e.g. United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976).

    This request includes all entries in officers' logs, field notebooks or equivalent.  *Harris*, 543 F.2d at 1253 ("the original interview notes, especially relating to an FBI agent's interview with the accused, must be preserved" because potentially discoverable); *United States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991) (defendant's "confirmation of the facts in the notes before they were dictated on tape makes the notes and the tape producible under Jencks"); *United States v. Wicktor*, 403 F. Supp. 2d 964, 967 (D. Ariz. 2005) (officer who testifies at a preliminary hearing based on written reports of other detectives adopts those detectives' reports as his "statements" for Jencks Act purposes); *United States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999) (reversible error to destroy notes from interview when there "was no substitute for the notes except the recollections of the agent and the witness, which differed in several respects"); *Alvarez*, 86 F.3d at 904 n.2

("Under the Jencks Act, witness statements, including reports prepared by testifying officers, must be turned over to the defense.

Although an officer's 'rough notes' need not be disclosed pursuant to the Jencks Act as witness statements, *United States v. Andersson*, 813 F.2d 1450, 1459 (9th Cir. 1987), they must be disclosed under *Brady* if they contain material and exculpatory information.  *Goldberg v. United States*, 425 U.S. 94, 98 (1976) ("a writing prepared by a Government lawyer relating to the subject matter of the testimony of a Government witness that has been 'signed or otherwise adopted or approved' by the Government witness is producible under the Jencks Act"); *United States v. Well*, 572 F.2d 1383, 1384 (9th Cir. 1978) (tape recordings of interviews).

6.    A copy of the defendant's record of prior convictions and the FBI rap sheet.  Rule 16(a)(1)(D); *see United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991) (per curiam). Both national and local criminal records should be searched.  *See United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (prosecution "deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation").

7.    All books, papers, documents, tangible objects, photographs, recordings, electronic data, buildings or places which are "material to preparing the defense."  Rule 16(a)(1)(E)(I); *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003) (where reasonable suspicion was based on the alert of a narcotics detection dog, the dog's training and certification records were material and discoverable); *United States v. Bergonzi*, 216 F.R.D. 487, 501 (N.D. Cal. 2003) (in securities fraud prosecution, the company's internal report and interview memoranda were material to the defense because the documents were prepared with an eye toward discovering who was culpable for the crime).

8.      All items in request 7 above which "belong[] to" the defendant.    Rule 16(a)(1)(E)(iii).

9.      All items in request 7 above which were "obtained from" the defendant.  Rule 16(a)(1)(E)(iii).

10.      Any evidence, including, but not limited to, the items in request 6 above which are intended for use by the government as evidence in its case-in-chief.  Rule 16(a)(1); *see* Rule 12(b)(4)(B); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992-995 (1st Cir. 1995) (government's failure to designate evidence was violation of Rule 12(d)(2) which "creates a notice requirement").

11.      Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including, but not limited to, chemical analysis, fingerprints, voice prints, DNA testing, and handwriting.  Rule 16(a)(1)(F).

12.      A written summary of all expert-witness testimony the government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications."  Rule 16(a)(1)(G); *United States v. Richmond*, 153 F.R.D. 7, 8 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith"; others [written summaries of experts] no later than 45 days before trial); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1982) ("fairness requires that adequate notice be given to the defense to check the findings and conclusions of the government's experts"); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendants could not hire their own expert "until they were informed of the adverse report of the government expert").

13.    A description of any prior conviction or prior "similar act" the Government will seek to introduce at trial. Fed. R. Evid. 404(b) (requiring "reasonable notice in advance of trial… of the general nature of any such evidence"); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (*en banc*) ("[t]rial by ambush" is "counterproductive in terms of judicial economy"), *overruled in part on other grounds by Luce v. United States*, 469 U.S. 38 (1984).

14.    The complete personnel files of each law enforcement agent who will testify in the case.  The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegations that any officer has ever made a false statement or has a reputation for dishonesty. *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *Kyles*, 514 U.S. at 437 ("prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf"); *see United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to disclose magistrate's characterization of agent's testimony as "absolutely incredible" which was in personnel file); *see United States v. Kiszewski*, 877 F.2d 210, 216 (2d Cir. 1989) (court must conduct in camera review of agent's personnel file to determine if impeachment matter [allegations that agent accepted bribes] should be disclosed).

15.    All reports and records relating to any eavesdropping, wiretapping, or electronic recording of any kind relating to this case.  *See* 18 U.S.C. §§ 2511- 2522.

16.    All notes or other writings or documents used by a prospective Government witness before the grand jury.  *United States v. Wallace*, 848 F.2d 1464, 1470-71 (9th Cir. 1988) (by referring to and using the notes during testimony before the grand jury, witness "adopt[ed] or approv[ed] of the statements as her own").

17.    The names and addresses of all percipient witnesses interviewed by the Government whom the government does not intend to call at the trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

18.    The arrest and conviction record of each prospective Government witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980). The government is required to search both national and local criminal record files. *See Perdomo*, 929 F.2d at 970; *United States v. Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004) (entitled to disclosure of *Brady* material in presentence reports); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (when star witness had long criminal record, it was "the state's obligation to turn over all information bearing on that witness's credibility").

19.    Any evidence that a criminal case has recently been dismissed against any prospective government witness. *See United States v. Smith*, 77 F.3d 511, 514-15 (D.C. Cir. 1996) (dismissal of two felony cases pending against prosecution witness was material to impeachment and should have been disclosed pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989). *See also Giglio v. United States*, 405 U.S. 150 (1972) (credibility of witness).

20.    Any evidence that any prospective Government witness has any criminal charge pending against him. *United States v. Fried*, 486 F.2d 201, 203 (2d Cir. 1973); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment can be relevant to bias and motive of witness).

21.    Any evidence that any prospective Government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

22.     Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case. *Roviaro v. United States*, 353 U.S. 53 (1957); U.S. Const. amend. VI.

23.     Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the Government or any of its agents and any prospective Government witness or his agent. *See Giglio*, 405 U.S. at 152-55 (agreement not to prosecute); *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied contingent fees); *Edwardo-Franco*, 885 F.2d at 1010 (earnings of informant in past cases "highly relevant to the question of his potential bias and interest") (quoting *United States v. Leja*, 568 F.2d 493, 499 (6th Cir. 1977)); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir. 1974) ("protective" custody status, per diem and special privileges); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding must be disclosed even if no "promise" and even if conditional); *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) (reversible error not to disclose favors to cooperating witnesses including use of illegal drugs, regular unsupervised access to female visitors which facilitated sex and drugs in United States Attorney's office, and gifts of money, beer, cigarettes, etc.); *United States v. Burnside*, 824 F. Supp. 1215, 1259 (N.D. Ill. 1993) ("defendants . . . [are] entitled to know . . . the government's lenient security measures, the absence of drug testing and the other benefits, all of which pointed to an implicit and illicit deal between the government and its witnesses").

24.     Any evidence that any prospective witness has applied for, or requested from, the Government any consideration or benefit including, but not limited to, any plea bargain, dismissal

of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1987).

25.    Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *United States v. Kojayan*, 8 F.3d 1315, 1322 (9th Cir. 1992) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 7 (4th Cir. 1979) (agreement between the prosecutor and the witness's attorney, where witness was informed that "everything would be all right," must be disclosed); *Du Bose v. Lefevre*, 619 F.2d 973, 978-79 (2d Cir. 1980) (prosecutor's statement to the witness that he would "do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning). *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) ("special immigration treatment by the INS and the DEA was highly relevant impeachment material"); *Silva v. Brown*, 416 F.3d 980, 986 (9th Cir. 2005) (government should have disclosed "the full extent of the prosecution's deal" with the witness); *Horton v. Mayle*, 408 F.3d 570, 578-79 (9th Cir. 2005) (failure to disclose leniency deal with witness was material).

26.    The full scope of any witness's past cooperation with the Government including, but not limited to, all past cooperation agreements, all monies, benefits and promises received in exchange for cooperation, the full extent of the witness's assets, and the status of the witness's present and past income tax liability. *Shaffer*, 789 F.2d at 688-89 & n.7; *Edwardo-Franco*, 885 F.2d at 1009-10 (evidence of past services highly relevant to bias and interest); *Bagley v. Lumpkin*,

798 F.2d 1297, 1302 (9th Cir. 1986) (reversible error to fail to disclose contracts that would give impeachment evidence against key witnesses who were hired by government to investigate the defendant); *Blanco*, 392 F.3d at 392 (special immigration treatment from INS and DEA); *Singh v. Prunty*, 142 F.3d 1157, 1161-62 (9th Cir. 1998) (prosecutor's failure to disclose cooperation agreement with key witness against defendant).

27.    All statements of any prospective witness relevant to his or her anticipated testimony or relevant to impeachment or bias. *See Kyles*, 514 U.S. at 454 (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1463-64 (9th Cir. 1992) (informant's recantation of earlier statement to D.E.A. had to be disclosed  under the Jencks Act, 18 U.S.C. § 3500 (2000), as it bore on credibility); *United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that could contradict his trial testimony).  *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); *Wicktor*, 403 F. Supp. 2d at 967 (officer who testifies at a preliminary hearing based on written reports of other detectives adopts those detectives' reports as his "statements" for Jencks Act purposes); *United States v. Service Deli Inc*., 151 F.3d 938, 942-43 (9th Cir. 1998) (summary of interview notes not appropriate when it fails to disclose material information in the notes); *Riley*, 189 F.3d at 803 (reversible error to destroy notes from interview when there "was no substitute for the notes except the recollections of the agent and the witness, which differed in several respects"); *United States v. Ogbuehi*, 18 F.3d 807, 811 (9th Cir. 1994) (where notes taken during interview with co-defendant were read back from time to time to confirm their accuracy, trial court should have reviewed the notes in camera to determine

whether they were a statement); *Boshell*, 952 F.2d at 1105 (defendant's "confirmation of the facts in the notes before they were dictated on tape makes the notes and the tape producable under Jencks"); *United States v. Steinberg*, 99 F.3d 1486, 1491 (9th Cir. 1996) (requiring disclosure that witness was involved in ongoing criminal activities while working as government informant and that witness owed defendant money), disapproved of on other grounds by *United States v. Foster*, 165 F.3d 689, 692 n.5 (9th Cir. 1999).

28.    Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony.  *See Kyles*, 514 U.S. at 454 (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514, 518 (D.C. Cir. 1996) (reversible error not to disclose evidence that prosecution witness had lied under oath in a previous court proceeding involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091, 1099 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found  "intolerable" misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness's original statement to police that he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (same).  *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1202 (C.D. Cal. 1999) ("any variations in an accomplice witness's proposed testimony could be considered favorable to the defense and the existence of such differences should be disclosed under *Brady*").

29.    Any evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person, whether or not a prospective witness.  *See United States v. Minsky*, 963 F.2d 870, 874-76 (6th Cir. 1992) (witness's statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness's statement that he identified defendant at lineup); *Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir. 1992) (statement of witness identifying another person as killer); *United States v. Galvis-Valderamma*, 841 F. Supp. 600, 607-10 (D.N.J. 1994) (new trial granted where statements made by arresting officer to FBI agent that bag of heroin found in car was not in plain view should have been disclosed); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (information may be material even if it speaks only to defendant's credibility).

30.    Any evidence that any government witness has threatened another government witness in an attempt to influence his testimony.  *United States v. O'Conner*, 64 F.3d 355, 359-60 (8th Cir. 1995).

31.    Any evidence that a witness has engaged in crimes even though he has not been convicted of those crimes.  *See United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Giglio*, 405 U.S. at 154 (evidence that witnesses might not be credible is material). *Powell*, 287 F.2d at 280-81 (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *United States v. Boffa*, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts of witness discoverable); *Burnside*, 824 F. Supp. at 1271-72 (reversible error not to disclose ongoing illegal drug use by cooperating witnesses).

32.     Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities.  *United States v. Bernal-Obeso*, 989 F.2d 331, 336-37 (9th Cir. 1993) (informant's lie to DEA about his criminal record); *Brumel-Alvarez*, 991 F.2d at 1458 (D.E.A. agent's opinion of informant credibility); *Strifler*, 851 F.2d at 1202 (probation file listing instances of the witness lying to authorities); *Minsky*, 963 F.2d at 875 (error not to disclose witness's false statements to FBI).  *Carriger*, 132 F.3d at 480 (when star witness had long criminal record, it was "the state's obligation to turn over all information bearing on that witness's credibility").  *Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) (failure to disclose evidence that key witness had previously falsely accused defendant of murder).

33.     Any evidence that any witness has a tendency to lie or exaggerate his testimony, including any impressions, whether formal or informal, that a particular witness lacks credibiility. *Brumel-Alvarez*, 991 F.2d at 1458 (D.E.A. agent's negative view of informant's credibility); *Strifler*, 851 F.2d at 1202 (must disclose probation file of witness showing tendency to lie or "overcompensate").

34.     Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any time prior to testifying in court.  *See United States v. Butler*, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (drug use impairs memory, judgment, and credibility); *People v. Santos, 2003 Guam 1*, 9 (2003) (witness's drug use relevant for impeaching perception and memory); *Benn*, 283 F.3d at 1056 ("evidence that [witness] was using drugs during the trial would reflect on his competence and credibility"); *Creekmore v. District Court of Eighth Judicial Dist. of State of Mont*., 745 F.2d 1236, 1238 (9th Cir. 1984) ("[t]he goal of cross-examination is to expose flaws in a witness's memory, perception and narration"); *Burnside*, 824 F. Supp. at 1265 (reversible error to fail to disclose witnesses' drug

use because illegal drug use by the cooperating witness was relevant to the witnesses' abilities to recollect and relate events and "clear inducements from which a fact finder could infer that these witnesses may have wanted to stay on the government prosecutors' good side" and adjusted their testimony accordingly).

35.     Any medical, psychological or psychiatric evidence tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired.  *See Bailey v. Rae*, 339 F.3d 1107, 1114-15 (9th Cir. 2003) (when consent was at issue, government should have disclosed reports that developmentally-delayed alleged victim knew the difference between appropriate and inappropriate touching).  *United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis*, 637 F.2d at 224 (psychiatric records reflecting on the competency or credibility of witness); *United States v. McFarland*, 371 F.2d 701, 705 (2d Cir. 1966) (prior hospitalizations of witness for mental illness); *Powell*, 287 F.2d at 279 (same).

36.     Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony.  *See Strifler*, 851 F.2d at 1202 (motive to inform discoverable); *United States v. Bagley*, 473 U.S. 667, 683 (1985) (failure to disclose that witnesses might have been biased against defendant).

37.     Any impeaching or bad character evidence relating to any government witness, especially informants.  *Bernal-Obeso*, 989 F.2d at 335 ("it is essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed … to defense counsel as required by *Giglio*"); *Carriger*, 132 F.3d at 497-80 ("[t]he prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf"); *Giglio*, 405 U.S. at 154 (evidence affecting credibility of witnesses is material).

38.    Any evidence that a prospective government witness has not passed a polygraph examination or had inconclusive results. *Carter v. Rafferty*, 826 F.2d 1299, 1305-09 (3d Cir. 1987) (oral reports of polygraph examination); *United States v. Lynn*, 856 F.2d 430, 432-34 (1st Cir. 1988).

39.    Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady*, 373 U.S. at 85 (statement of accomplice that he, not defendant, did actual shooting); *United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996) (reversible error not to admit evidence that implied person other than defendant was the guilty party); *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991) ("[a] defendant is entitled to introduce evidence which tends to prove someone else committed the crime"); *Banks v. Reynolds*, 54 F.3d 1508, 1517-18 (10th Cir. 1995) (reversible error not to disclose to defense that another person had been arrested for same crime); *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 834 (10th Cir. 1995) (defendant denied fair trial by failure to disclose police reports, physical evidence, and witness statements that pointed to a different murder suspect); *Hudson*, 979 F.2d at 1058 (required to disclose impeachment evidence about conflicting testimony of pretrial line-up); *Miller v. Angliker*, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose evidence suggesting that person other than defendant committed murders); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) (reversible error not to disclose existence of suspect who resembled defendant); *Walker v. Lockhart*, 763 F.2d 942, 955 (8th Cir. 1985) (*en banc*) (due process violated when police suppressed statement by prisoner arguably admitting that he committed the shooting for which the defendant was convicted); *Sellers v. Estelle*, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (remanded for failure to disclose police reports suggesting guilt of another); *Jones v. Jago*, 575

F.2d 1164, 1168 (6th Cir. 1978) (error not to disclose statement of witness not mentioning presence or participation of defendant).

40.    Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful. *Brumel-Alvarez*, 991 F.2d at 1458.

41.    The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of his identity or his participation in the crime charged, and the content of any such statement. *See Kyles*, 514 U.S. at 454 (reversible error not to disclose evidence of misidentification by crucial witness); *Jones*, 575 F.2d at 1168 (statement of eyewitness to crime which did not mention defendant must be disclosed); *Jackson v. Wainwright*, 390 F.2d 288, 298 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on defendant's identity); *United States v. Wilkins*, 326 F.2d 135, 138 (2d Cir. 1964) (reversible error to fail to disclose names of two witnesses who said that the defendant was not the bank robber after viewing him at police station).

42.    Any physical evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. *See Miller v. Pate*, 386 U.S. 1, 6 (1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (government had duty to disclose results of company research which would have been useful in impeaching government witnesses). *United States v. Park*, 319 F. Supp. 2d 1177, 1179 (D. Guam 2004) ("[s]ummaries of conversations prepared by the government are not the equivalent of actual notes" for *Brady* purposes); *Bergonzi*, 216 F.R.D. at 487 (same); *Paradis v. Arave*, 240 F.3d 1169, 1173 (9th Cir. 2001) (*Brady* obligates prosecutor to turn over notes taken during interview when government witness gave exculpatory information for defendant). *See also United States v. Alzate*, 47 F.3d

1103, 1109-10 (11th Cir. 1995) (new trial granted where prosecutor failed to correct his misstatement of fact which prejudiced defendant); *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993) (due process violated by failure to produce possibly impeaching photos of crime scene which would have buttressed defense that witness could not have seen out of windows in order to identify defendant); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *Walker*, 763 F.2d at 955 (transcript of prisoner conversation in which he arguably admitted crime for which defendant on trial); *United States v. Poole*, 379 F.2d 645, 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault); *Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 845 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80, 85 (5th Cir. 1963) (psychologist's report that defendant was incompetent to stand trial); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

43.     Any evidence mitigating the punishment of the defendant.  *Brady*, 373 U.S. at 85 (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant); *Blazak v. Ricketts*, 1 F.3d 891, 897 (9th Cir. 1993) (due process violated where psychiatric reports questioning defendant's competence to stand trial were not properly considered by trial court); *Spagnoulo*, 960 F.2d at 994 (psychiatric report raising question as to defendant's sanity and competence); *Weintraub*, 871 F.2d at 1264 (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to defendant); *Lewis v. Lane*, 832 F.2d 1446, 1459 (7th Cir. 1987) (evidence that defendant did not have valid prior conviction which made him death eligible).

44.    The commencement and termination date of the grand jury that indicted the defendant. *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990). *See also* 28 U.S.C. § 1867(a) ("the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury"); Fed. R. Crim. P. 6(b)(2) ("[a] party may move to dismiss the indictment based on an objection to the grand jury").

45.    The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict"); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

46.    The name of every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 954-55 (9th Cir. 1980) (same); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("[b]oth sides have the right to interview witnesses before trial").

## THE PROSECUTOR HAS A DUTY OF INQUIRY

The prosecutor is requested to make personal and specific inquiry of each government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon. *Kyles*, 514 U.S. at 437 ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf

in the case, including the police"); *Alvarez*, 86 F.3d at 905 ("the better practice is for the prosecutor

herself to review [surveillance notes for *Brady* materials]"); *Wood*, 57 F.3d at 737 (prosecutor has

duty to consult with FDA for *Brady* material); *Bryan*, 868 F.2d at 1036-37 (prosecutor deemed to

have knowledge of, and access to, anything in possession, custody or control of any federal agency

evidence if outside district of prosecution); *United States v. Santiago*, 46 F.3d 885, 893-94 (9th

Cir. 1995) (government has access to Bureau of Prisons' files on inmates.  But the FDA did.  For

*Brady* purposes, the FDA and the prosecutor were one.").  *United States v. Colima-Monge*, 962 F.

Supp. 1337, 1341 (D. Or. 1997) (documents held by an interjurisdictional agency deemed within

the possession, custody, or control of the federal government).  "[T]he prudent prosecutor will

resolve doubtful questions in favor of disclosure." *Kyles*, 514 U.S. at 439 (quoting *United States

v. Agurs*, 427 U.S. 97, 108 (1976)); *Carriger*, 132 F.3d at 479-80 ("the prosecution has a duty to

learn of any exculpatory evidence known to others acting on the government's behalf").  *See also

Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993) (in not disclosing exculpatory evidence,

government perpetrated fraud on the court by making a "the-right-hand-did-not-know-what-the-

left-hand-was-doing argument"); *Osorio*, 929 F.2d at 762 ("the prosecutor is duty bound to

demand compliance with disclosure responsibilities by all relevant dimensions of the

government"); *Perdomo*, 929 F.2d at 969-71 (United States Attorney responsible for locating

criminal record in local jurisdiction as well as NCIC records); *United States v. Endicott*, 869 F.2d

452 455-56 (9th Cir. 1989) (knowledge of additional payments to witness imputed to prosecutor);

*Butler*, 567 F.2d at 891 (prosecutor responsible for promise by agent even if prosecutor did not

know of it); *Bailleaux*, 685 F.2d at 1113 (tape in custody of F.B.I. is deemed in custody of U.S.

Attorney), receded from on other grounds by *Miller*, 874 F.2d at 1255; *United States v. Brooks*,

966 F.2d 1500, 1503 (D.C. Cir. 1992) (prosecutor must search police files for information affecting

credibility of police officer who was key witness and who, after first trial, was found shot in her apartment with revolver in presence of another police officer); *Auten*, 632 F.2d at 481 (information in files of federal agency is deemed in possession of prosecutor); *United States v. Jackson*, 780 F.2d 1305, 1308 n.2 (7th Cir. 1986) (FBI's knowledge attributable to prosecutor); *Martinez v. Wainwright*, 621 F.2d 184, 186-87 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution); *Barbee*, 331 F.2d at 846 (exculpatory ballistics report known only to police deemed in possession of prosecutor); *United States v. McCord*, 509 F.2d 334, 342 n.14 (D.C. Cir. 1974) (*en banc*) ("prosecution" includes "all agencies of the federal government involved in any way" in the case).

### THE PROSECUTOR HAS A DUTY OF CONTINUING DISCOVERY

The government has a continuing duty to disclose the foregoing evidence as soon as the government or any of its agents discovers its existence.  *See Mooney v. Holohan*, 294 U.S. 103, 108 (1935) (per curiam) (prosecutor must disclose that witness had committed perjury even when he first learns this at trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did not disclose fact that witness would soon accept immunity offer).

The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting its duty to disclose arguably favorable evidence. *United States v. McClintock*, 748 F.2d 1278, 1285 (9th Cir. 1984).  Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure."  *United States v. Ramirez*, 608 F.2d 1261, 1266 n.6 (9th Cir. 1979); *Kyles*, 514 U.S. at 439; *Agurs*, 427 U.S. at 108.

The duty to disclose encompasses even those documents and statements the defense might already have.  *Gantt v. Roe*, 389 F.3d 908, 913 (9th Cir. 2004) ("Though defense counsel could

have conducted his own investigation, he was surely entitled to rely on the prosecution's representation that it was sharing the fruits of the police investigation."); *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("[t]he availability of particular statements through the defendant himself does not negate the government's duty to disclose").

Disclosure is required even if, in the government's view, the evidence is not admissible at trial. *Spence v. Johnson*, 80 F.3d 989, 1005 n.14 (5th Cir. 1996). *Sudikoff*, 36 F. Supp. 2d at 1201 (*Brady* requires "the disclosure of information that is likely to result in admissible evidence that would give the jury or court a more complete basis for judging guilt or punishment").

Should the prosecutor have a good faith doubt whether evidence should be disclosed, he or she is required to ask the court for an in camera review. *See United States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987) (good faith belief that defendant's statements not discoverable does not excuse failure to disclose); *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); *Cadet*, 727 F.2d at 1470 ("This unfortunate contretemps could have been avoided had the United States Attorney's Office been willing to produce all *Brady* and Rule 16 material in a timely manner and to submit material as to which there was any doubt for in camera review.").

DATED: January 8, 2026.

s/ Clais Daniels-Edwards
Clais Daniels-Edwards, NJSB 115122015
Assistant Federal Public Defender

s/ Michael Charles Benson
Michael Charles Benson, AK Bar No. 1311070
Assistant Federal Public Defender